# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.

**CASE NO.** 2:23-CR-20044-DCC/TJJ
**FILED UNDER SEAL**

**AMOS DIAZ,**
**JAVIER TORRES-HERNANDEZ,**
**JOSE LUIZ SANCHEZ QUINTERO,**
**GENNELLE GLACKIN,**
**ALBERTO DIAZ,**
**JOSEPHINE HAMM,**
**SERVANDO LOPEZ,**
**HECTOR SOLIS CHAPARRO,**
**IRMA POBLANO and**
**JOEL RODRIGUEZ,**

      **Defendants.**

## INDICTMENT

**THE GRAND JURY CHARGES**:

### COUNT 1

**CONSPIRACY TO DISTRIBUTE AND POSSESS**
**WITH INTENT TO DISTRIBUTE METHAMPHETAMINE**
**[21 U.S.C. § 846]**

Beginning on or about January 25, 2022 and continuing to on or about November 7, 2022, in the District of Kansas and elsewhere, the defendants,

**AMOS DIAZ,**
**JAVIER TORRES-HERNANDEZ,**
**JOSE LUIZ SANCHEZ QUINTERO,**
**GENNELLE GLACKIN,**
**ALBERTO DIAZ,**
**JOSEPHINE HAMM,**
**SERVANDO LOPEZ,**
**IRMA POBLANO and**
**JOEL RODRIGUEZ,**

knowingly and intentionally conspired with each other and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute methamphetamine, a controlled substance, which included the reasonably foreseeable conduct of other members of the conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Section 2.

<u>QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY</u>

With respect to defendants AMOS DIAZ, JAVIER TORRES-HERNANDEZ and ALBERTO DIAZ, their conduct as a member of the methamphetamine conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy, involved 50 grams or more of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

With respect to defendants JOSE LUIZ SANCHEZ QUINTERO, GENNELLE GLACKIN, JOSEPHINE HAMM, SERVANDO LOPEZ, IRMA POBLANO and JOEL RODRIGUEZ, their conduct as members of the methamphetamine conspiracy charged in

Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy, involved methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

In violation of Title 21, United States Code, Section 846.

## COUNT 2

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841(a)(1) & (b)(1)(A)]

On or about January 25, 2022, in the District of Kansas, the defendant,

**AMOS DIAZ,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT 3

### POSSESSION OF A FIREARM
### IN FURTHERANCE OF DRUG TRAFFICKING
### [18 U.S.C. § 924(c)]

On or about January 25, 2022, in the District of Kansas, the defendant,

**AMOS DIAZ,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of 50 grams or more of methamphetamine as charged in Count 2.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 4

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(A)]**

On or about February 18, 2022, in the District of Kansas, the defendant,

**AMOS DIAZ,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT 5

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(A)]**

On or about March 8, 2022, in the District of Kansas, the defendants,

**AMOS DIAZ and**
**JAVIER TORRES-HERNANDEZ,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT 6

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(A)]**

On or about March 23, 2022, in the District of Kansas, the defendants,

**AMOS DIAZ and**

**JAVIER TORRES-HERNANDEZ,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT 7

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

On or about April 11, 2022, in the District of Kansas, the defendants,

**AMOS DIAZ and**
**JOSE LUIZ SANCHEZ QUINTERO,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 8

**SALE OF A FIREARM BY AN UNLICENSED DEALER**
**[18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D)]**

On or about April 20, 2022, in the District of Kansas, the defendant,

**AMOS DIAZ,**

not being a licensed dealer, importer, and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A) and

924(a)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 9

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841(a)(1) & (b)(1)(A)]

On or about April 29, 2022, in the District of Kansas, the defendants,

### AMOS DIAZ,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT 10

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841(a)(1) & (b)(1)(A)]

On or about May 16, 2022, in the District of Kansas, the defendants,

### AMOS DIAZ,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT 11

### SALE OF A FIREARM BY AN UNLICENSED DEALER
### [18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D)

On or about June 16, 2022, in the District of Kansas, the defendant,

6

**AMOS DIAZ,**

not being a licensed dealer, importer, or manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 12

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

On or about June 28, 2022, in the District of Kansas, the defendant,

**GENNELLE GLACKIN,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 13

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

On or about July 21, 2022, in the District of Kansas, the defendants,

**ALBERTO DIAZ and**
**JOSEPHINE HAMM,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 14

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

On or about July 28, 2022, in the District of Kansas, the defendants,

**ALBERTO DIAZ and**
**JOSEPHINE HAMM,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 15

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

On or about July 28, 2022, in the District of Kansas, the defendants,

**AMOS DIAZ and**
**SERVANDO LOPEZ,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 16

**SALE OF A FIREARM BY AN UNLICENSED DEALER**
**[18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D)]**

On or about August 2, 2022, in the District of Kansas, the defendants,

**AMOS DIAZ and**
**HECTOR SOLIS-CHAPARRO,**

not being licensed dealers, importers, and manufacturers of firearms within the meaning

of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 17

### ILLEGAL ALIEN IN POSSESSION OF A FIREARM
### [18 U.S.C. § 922(g)(5)]

On or about August 2, 2022, in the District of Kansas, the defendant,

**HECTOR SOLIS-CHAPARRO,**

knowing he was an alien (that is, a person who is not a citizen or national of the United States) illegally and unlawfully in the United States, knowingly possessed a Smith and Wesson, make 15-22, .22 caliber rifle bearing serial number DTU3630, a firearm, in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2).

## COUNT 18

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841(a)(1) & (b)(1)(C)]

On or about August 9, 2022, in the District of Kansas, the defendants,

**IRMA POBLANO and**
**JOEL RODRIGUEZ,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 19

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

On or about August 18, 2022, in the District of Kansas, the defendants,

**GENELLE GLACKIN,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 20

**SALE OF A FIREARM BY AN UNLICENSED DEALER**
**[18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D)]**

On or about September 6, 2022, in the District of Kansas, the defendant,

**AMOS DIAZ,**

not being a licensed dealer, importer, and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 21

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(A)]**

On or about November 7, 2022, in the District of Kansas, the defendant,

**ALBERTO DIAZ,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a

controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT 22

### POSSESSION OF A FIREARM
### IN FURTHERANCE OF DRUG TRAFFICKING
### [18 U.S.C. § 924(c)]

On or about November 7, 2022, in the District of Kansas, the defendant,

**ALBERTO DIAZ,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of 50 grams or more of methamphetamine as charged in Count 21.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### FORFEITURE NOTICE

1. The allegations contained in Count 1-22 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code 2461.

2. Upon conviction of one or more of the offenses set forth in Counts 1-22 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in the commission of the offenses, including, but not limited to:

      A.     a Ruger, make LC9S, 9mm pistol bearing serial number 451-45603,
      B.     an American Hybrid, make Omni Hybrid, 5.56 caliber rifle bearing serial number NS317048,
      C.     a Ruger, make Security 9, 9mm pistol bearing serial number 384-10217;
      D.     a Smith and Wesson, make 15-22, .22 caliber rifle bearing serial number DTU3630;
      E.     a Berretta, make APX, 9mm pistol bearing serial number A086682X,
      F.     a Fabrique Nationale Herstal make FNS-9c, 9mm pistol bearing serial number CSU0030880,
      G.     a Chiappa, Pak 9, 9mm pistol bearing serial number R0N2023826;
      H.     Suppressor;
      I.     a Smith and Wesson, make 15-22, .22 caliber rifle bearing serial number DTU3630;
      J.     a Ruger, make Ruger-57, .57 caliber rifle bearing serial number 643-35045; and
      K.     All accompanying ammunition.

3.    Upon conviction of one or more of the offenses set forth in Counts 1-2, 4-7, 9-10, 12-15, 18, 19 and 21, the defendants,

**AMOS DIAZ (Counts 1-2, 4-7, 9-10, and 15),**
**JAVIER TORRES-HERNANDEZ (Counts 1 and 5-6),**
**JOSE LUIZ SANCHEZ QUINTERO (Counts 1 and 7),**
**GENNELLE GLACKIN (Counts 1, 12, and 19),**
**ALBERTO DIAZ (Counts 1, 13, 14, and 21),**
**JOSEPHINE HAMM (Counts 1, 13, and 14),**
**SERVANDO LOPEZ (Counts 1 and 15),**
**IRMA POBLANO (Counts 1 and 18) and**
**JOEL RODRIGUEZ (Counts 1 and 18),**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

- A. a Ruger, make LC9S, 9mm pistol bearing serial number 451-45603,
- B. an American Hybrid, make Omni Hybrid, 5.56 caliber rifle bearing serial number NS317048,
- C. a Ruger, make Security 9, 9mm pistol bearing serial number 384-10217;
- D. a Smith and Wesson, make 15-22, .22 caliber rifle bearing serial number DTU3630;
- E. a Berretta, make APX, 9mm pistol bearing serial number A086682X,
- F. a Fabrique Nationale Herstal make FNS-9c, 9mm pistol bearing serial number CSU0030880,
- G. a Chiappa, Pak 9, 9mm pistol bearing serial number R0N2023826;
- H. Suppressor;
- I. a Smith and Wesson, make 15-22, .22 caliber rifle bearing serial number DTU3630;
- J. a Ruger, make Ruger-57, .57 caliber rifle bearing serial number 643-35045;
- K. All accompanying ammunition; and
- L. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant.

4. If any of the property described above, as a result of any act or omission of the defendants:

- A. cannot be located upon the exercise of due diligence;
- B. has been transferred or sold to, or deposited with, a third party;
- C. has been placed beyond the jurisdiction of the court;
- D. has been substantially diminished in value; or
- E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

July 26, 2023                                             s/Foreperson
DATE                                                      FOREPERSON OF THE GRAND JURY


KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Michelle McFarlane
MICHELLE MCFARLANE
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Michelle.McFarlane@usdoj.gov
Ks. S. Ct. No. 26824


IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

# PENALTIES

## Counts 1, 2, 4-6, 9, 10, 21 [21 U.S.C. § 846 & 21 U.S.C. § 841(a)(1) & (b)(1)(A)]

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after two prior convictions for a serious drug felony or a serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 1, 7, 12-15, 18, 19 [21 U.S.C. § 846 & 21 U.S.C. § 841(a)(1) & (b)(1)(C)]**

- Punishable by a term of imprisonment of not more than twenty (20) years imprisonment. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 8, 11, 16, 20 [18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D)]**

- Punishable by a term of imprisonment of not more than five (5) years.  18 U.S.C. § 924(a)(1)(D).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 17 [18 U.S.C. § 922(g)(5) & 924(a)(2)]**

- Punishable by a term of imprisonment of not more than fifteen (15) years.  18 U.S.C. § 924(a)(8).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Count 3, 22 [18 U.S.C. § 924(c)]

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.